BEEKMAN SANITARY SPECIALTY · CO. v. BERNZ.

(Circuit Court, D. New Jersey. May 23, 1911.)

PATENTS (§ 328*)—ANTICIPATION—DEVICE FOR TESTING PIPING SYSTEM.

The Heiland patent, No. 903,973, for a device for testing plumbing and pipes, claim 2, is void for anticipation by the Lutz patent, No. 382,172.

In Equity. Suit by the Beekman Sanitary Specialty Company against Otto Bernz. On final hearing. Decree for defendant.

Lewis J. Doolittle, for complainant.
Russell M. Everett, for defendant.

BRADFORD, District Judge. The Beekman Sanitary Specialty Company has filed its bill against Otto Bernz charging infringement of United States patent No. 903,973, and praying for an injunction and account. The patent in suit is dated November 17, 1908, and was granted to George W. Heiland for alleged "Improvements in Devices for Testing Plumbing and Pipes," and was subsequently assigned to and is now held and owned by the complainant. It contains six claims, of which claim 2 only is in issue. That claim is as follows:

"2. In a device for testing a piping system, the combination of a reservoir adapted to contain mercury, a tube connected to said reservoir, a nipple detachably connected to said reservoir and extending from the upper part thereof to a point near the bottom of the same, said nipple having a bore forming a continuation of the bore of said tube and adapted to permit the mercury to ascend into said tube, a nipple detachably connected to said reservoir and extending from the bottom to a point near the top of the same and adapted to permit the introduction of an air pressure into said reservoir to force the mercury up into said tube."

The elements of the above combination are:

1. A reservoir adapted to contain mercury.
2. A tube connected to such reservoir.
3. A nipple detachably connected to said reservoir and extending from the upper part thereof to a point near the bottom of the same, said nipple having a bore forming a continuation of the bore of said tube and adapted to permit the mercury to ascend into said tube.
4. A nipple detachably connected to said reservoir and extending from the bottom to a point near the top of the same and adapted to permit the introduction of an air pressure into said reservoir to force the mercury up into said tube.

The alleged infringing device beyond all doubt contains the first, second and third elements of the above combination. Whether it contains the fourth or its equivalent under a legitimate application of the law of equivalents may not be altogether clear. It is doubtful if the nipple in the defendant's device extending from the bottom to a point near the top of the mercury reservoir is "detachably connected to said reservoir" in the sense in which those words are employed in claim 2. On this subject the complainant's expert testified:

"XQ. 25. Do you find the nipples in defendant's device to be detachable? A. Yes. The downward extending nipple is unquestionably detachable. It

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, &·Rep'r Indexes

is not only detachable but readily removable. The upward extending nipple has all the appearance of being detachable. * * * Q. 26. Kindly detach the lower nipple in defendant's device. A. Having no suitable implements at my disposal, I cannot comply with your request. XQ. 27. What instruments would you need? A. While not claiming to be a mechanic, I would suggest a cutting tool with which to form a slot in the lower end of the screw plug, so that a screw driver could be used to unscrew and remove the plug. I would then suggest a tool adapted to enter the open top of the reservoir provided with a head or offset to rest upon the top of the nipple, to enable blows to be transmitted from a hammer or the like to the nipple, to force the same downward through the opening in which it is seated."

But having reached the conclusion that claim 2 is invalid by reason of anticipation by U. S. patent No. 382,172, to Lutz, dated May 1, 1888, and of the prior art, it is not necessary to express an opinion on the question of infringement. The bill must be dismissed with costs.